**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DIANE SANCHEZ,<br><br>            Plaintiff,<br><br>vs.<br><br>WINDHAVEN NATIONAL INSURANCE COMPANY, formerly known as ATX Premier Insurance Company, *et al*,<br><br>            Defendants. | 2:19-cv-02196-RFB-VCF<br><br>**ORDER**<br><br>MOTION TO STAY DISCOVERY [ECF NO. 31]; MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [ECF NO. 40]; MOTION TO STRIKE [ECF NO. 41] |

      Before the Court is defendant DMA Claims Management, Inc.'s ("DMA") motion to stay discovery. (ECF No. 31). Also before the Court are plaintiff Diane Sanchez's ("Sanchez") motions for leave to file a second amended complaint (ECF No. 40) and to strike defendant Windhaven National Insurance Company's ("Windhaven") reply in support of DMA's motion to stay discovery.[1] (ECF No. 41). DMA's motion to stay discovery (ECF No. 31) is granted.  Plaintiff's motion for leave to file a second amended complaint (ECF No. 40) is denied without prejudice. Plaintiff Sanchez's motion to strike (ECF No. 41) is denied.

//

---

[1] Pursuant to Local Rule IC 2-2(b), "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document. Examples: (i) separate documents must be filed for a response to a motion and a countermotion, with the appropriate event selected for each document, rather than filing a response and a countermotion in one document." The DMA filed a combined motion to stay/motion to stay discovery and filed it twice (ECF Nos. 30 and 31). Windhaven filed a combined reply to both motions as one filing. This order addresses the motion to stay discovery, the reply to the motion to stay discovery, and the motion to strike the reply to the motion to stay discovery only.

1

## I.     Background

Plaintiff Diane Sanchez brings claims[2] against Windhaven and DMA for breach of contract, breach of the implied covenant of good faith and fair dealing, and Nevada's Unfair Claims Practices Act. (ECF No. 1-2 at 6-29). Plaintiff obtained a default judgment against defendant Blas Bon from a prior lawsuit regarding an auto collision with Bon. (*Id*.) Sanchez obtained a judicial assignment of rights that Bon may have against his insurer (Windhaven was the insurer; DMA was the adjuster) for bad faith including for alleged failure to settle Sanchez's claim within the policy limit and to defend Bon. (*Id*.)

Plaintiff's motion to remand this case to state court for lack of jurisdiction (ECF No. 14), defendant DMA's motion to stay the case (ECF No. 30), and defendant DMA's motion to dismiss (ECF No. 27) are all fully briefed and pending before the Court.

### A.     Motion to Stay Discovery

DMA argues in its motion to stay discovery that plaintiff is currently precluded from prosecuting her claims against Windhaven and Bon because a Texas court placed Windhaven into liquidation which triggered an automatic stay enjoining all legal actions against Windhaven and Windhaven's insureds. (ECF No. 31 at 2). DMA argues that the claims against DMA and Windhaven are the same, so it would be prejudiced if DMA were forced to undergo discovery now and participate in further discovery concerning Windhaven later. (*Id*. at 3). DMA also argues that this Court will likely grant its pending motion to dismiss because plaintiff failed to obtain a proper assignment of rights from Bon. (*Id.*)

Sanchez argues in her response that the stay imposed upon Windhaven does not apply to any of the parties because Bon's ATX policy pre-existed Windhaven's purchase of ATX and DMA is a different company. (ECF No. 34 at 9). DMA argues in its reply that all the causes of actions against the defendants are interrelated and discovery should not be conducted by piecemeal. (ECF No. 43 at 2).

---

[2] Plaintiff also brings a claim against defendant Blas Bon in pursuit of her default judgment against him.

Windhaven also filed a reply which explains its relationship to ATX and argues that the Texas stay applies to Windhaven and its insured Blas Bon (ECF No. 37 at 2) and DMA incorporated Windhaven's reply by reference. (ECF No. 43 at 2).

### B.      Motion for Leave to File Second Amended Complaint

Plaintiff argues in her motion for leave to file a second amended complaint that she wants to amend to add additional defendants and to seek additional damages. (ECF No. 40 at 6). Windhaven argues in its response that because the Texas court issued an injunction against prosecuting any claims against: (1) Windhaven, (2) Windhaven's insureds, and (3) Windhaven's property, that the plaintiff's lawsuit is precluded, which includes the claims plaintiff brings in the proposed amended complaint. (ECF No. 45 at 2). Plaintiff argues in her reply that the automatic stay does not apply to any of the parties. (ECF No. 46 at 2).

### C.      Motion to Strike

Plaintiff argues in her motion to strike that defendant Windhaven's reply to the motion to stay discovery should be stricken from the record because Windhaven did not file a joinder to DMA's motion to stay discovery. (ECF No. 41 at 4). Windhaven argues in its response that it filed a reply to address the issues that plaintiff raised in her response regarding the Texas injunction. (ECF No. 44 at 2).

## II.     Discussion

### A.      Motion to Stay Discovery

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action[.]"  The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013).  Whether to grant a stay is within the discretion of the

1  court. *Munoz-Santana v. U.S. I.N.S.,* 742 F.2d 561, 562 (9th Cir. 1984).  "[A] party seeking a stay of
2  discovery carries the heavy burden of making a strong showing why discovery should be denied."
3  *Ministerio Roca Solida*, 288 F.R.D. at 503.

4      Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay
5  should be imposed.  See *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).  First, the
6  pending motion must be potentially dispositive of the entire case or at least the issue on which discovery
7  is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided
8  without additional discovery. *Id*. When applying this test, the court must take a "preliminary peek" at the
9  merits of the pending dispositive motion to assess whether a stay is warranted. *Id.*

10      "[D]iscovery should be stayed while dispositive motions are pending 'only when there are no
11  factual issues in need of further immediate exploration, and the issues before the Court are purely
12  questions of law that are potentially dispositive.'" *Solida v. United States Dep't of Fish & Wildlife*, 288
13  F.R.D. 500, 506 (D. Nev. 20130; citing to *Hachette Distribution, Inc. v. Hudson Cty. News Co*., 136
14  F.R.D. 356, 357 (E.D.N.Y. 1991). "[A] situation that in and of itself would warrant a stay of
15  discovery…occur[s] when jurisdiction, venue, or immunity are preliminary issues." *Twin City Fire Ins.*
16  *Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 654 (D. Nev. 1989).

17      Without prejudging the outcome of the motion to dismiss, the Court finds there is a significant
18  likelihood that the claims against the defendant will be considerably limited in scope if not eliminated
19  entirely if the Court either dismisses the case, remands the case for lack of jurisdiction, or stays the case.
20  A pending motion to dismiss, a pending motion to stay, or a pending motion to remand, each standing
21  alone, would support this Court exercising its discretion to stay discovery. The parties dispute the legal
22  interpretation of the Texas court's automatic stay and how it applies to the parties. The parties also
23  dispute whether this Court has jurisdiction or whether the assignment of rights was proper. The Court
24  can decide all three pending motions without discovery. After a "preliminary peek" and in light of the

goals of Rule 1 to "secure the just, speedy, and inexpensive determination" of all cases, the Court finds that the arguments advanced in the motions to dismiss, stay, and remand may have merit. Discovery will be stayed.

### B. Motion for Leave to Amend

At this point in the litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that the policy of Rule 15, "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049 (9th Cir. 2003); see also *Bowles v. Reade*, 198 F.3d 752, 755 (9th Cir. 1999) (Finding that there is a strong public policy in favor of permitting amendment). There are circumstances in which leave to amend a pleading should be denied, including undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the nonmoving party, and futility of the amendment. *In Forman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962).

The Court denies the plaintiff's motion to amend without prejudice because allowing the plaintiff to amend while the parties' motions to remand, to stay, and to dismiss are pending would unduly prejudice the defendants. The defendants would be unduly prejudiced if they are forced to respond to a new complaint before the Court determines whether the Texas court's automatic stay applies to the parties. Rule 15 is to be applied with extreme liberality, so the Court denies plaintiff's motion for leave to amend without prejudice: the plaintiff may renew her motion for leave to amend within 30 days of this Court's order on the pending potentially dispositive motions (ECF Nos. 14, 27, and 30), if appropriate.

### C. Motion to Strike

The district court "has the inherent power to strike a party's submissions other than pleadings." *Joson v. Bank of Am.*, NA, No. 2:12-cv-00710-GMN-NJK, 2013 U.S. Dist. LEXIS 41452, at 4 (D. Nev.

March 22, 2013) (citing *Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988)). A district court's authority to strike improper filings is derived from its "inherent power over the administration of its business." *Joson*, 2013 U.S. Dist. LEXIS, at 5. The district court has wide discretion in controlling discovery. *Little v. Seattle*, 863 F.2d 681, 684 (9th Cir. 1988).

While the plaintiff is correct that Windhaven's reply to DMA's motion to stay discovery is procedurally improper given that Windhaven did not join DMA's motion, the Court exercises its discretion over controlling discovery and declines to strike Windhaven's reply to the motion to stay discovery.

Accordingly, and for good cause shown,

IT IS ORDERED that the defendant DMA's motion to stay discovery (ECF No. 31), pending the resolution of the motion to dismiss, is GRANTED.

IT IS FURTHER ORDERED that plaintiff Sanchez's motion to file a second amended complaint (ECF No. 40) is denied without prejudice: plaintiff may renew her motion within 30 days after the Court decides all the pending dispositive motions (ECF Nos. 14, 27 and 30) if appropriate.

IT IS FURTHER ORDERED that the plaintiff's motion to strike defendant Windhaven's reply to the motion to stay discovery (ECF No. 41) is DENIED.

DATED this 25th day of June 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE